UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ARCTIC CIRCLE RESTAURANTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID LYNN BELL.<br><br>Defendants. | Case No.: 4:14-CV-00337-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY THE ACTION PENDING ARBITRATION**<br><br>**(Docket No. 18)** |

Now before the Court is Defendant's Motion to Dismiss, or Alternatively, to Stay the Action Pending Arbitration (Docket No. 18). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

This is an action for enforcement of certain provisions of a franchise agreement, trademark infringement, unfair competition, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and for common law trademark infringement, unfair competition, and unjust enrichment under the laws of the State of Idaho. *See* Compl., ¶ 3 (Docket No. 1) (asserting claims specifically for (1) Breach of Franchise Agreement (First Claim for Relief , (2) Breach of Promissory Note (Second Claim for Relief), (3) Federal Trademark Infringement (Third Claim for Relief), (4) Federal Unfair Competition/Infringement (Fourth Claim for Relief), (5) Federal Trademark Dilution (Fifth

**MEMORANDUM DECISION AND ORDER - 1**

Claim for Relief), (6) State Law Unfair Competition (Sixth Claim for Relief), and Unjust Enrichment (Seventh Claim for Relief)). For the purposes of the pending Motion, the details informing Plaintiff's claims against Defendant are not important; rather, the issue is whether this action should be dismissed/stayed in favor of arbitration pursuant to the applicable "Arctic Circle Restaurants Unit Franchise Agreement" (the "Franchise Agreement").

Relevant here, the Franchise Agreement reads:

**31. Dispute Resolution.**

    **A. Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Utah, which laws shall prevail in the event of any conflict of law.

    **B. Arbitration.** Except as provided in Section 31.C, the parties agree that *any dispute or disagreement arising hereunder or with respect to any breach of the terms hereof shall be resolved through arbitration under the rules of the American Arbitration Association ("AAA") as the sole and exclusive method of resolving the dispute.* The arbitration proceedings shall be conducted in Salt Lake City, Utah by one arbitrator selected from a panel of neutral arbitrators maintained by AAA chosen by the striking method, and in accordance with the then-current commercial arbitration rules of AAA for commercial arbitrations. All procedural matters relating to the arbitration shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 *et seq.*).

    The arbitrator shall have the right to award or include in his award any relief which he deems proper in the circumstances, including without limitation, money damages (with interest on unpaid amounts from the date due), specific performance, injunctive relief and legal fees and costs in accordance with Section 21.F. The arbitrator, however, shall have no authority to amend or modify the terms of this Agreement. The award and decision of the arbitrator shall be conclusive and binding upon all parties thereto and judgment upon the award may be entered in any court of competent jurisdiction. The parties consent to the exercise of personal jurisdiction over them by such courts and to the propriety of venue of such courts for the purpose of carrying out this provision and they waive any right to contest the validity or enforceability of such award. This provision shall continue in full force and effect subsequent to, and notwithstanding, expiration or termination of this Agreement.

    **C. Litigation.** *Nothing in Section 31.B. shall be construed to prevent either party from seeking and obtaining preliminary equitable relief from a court.* Any such action shall be brought in the state or federal courts for Salt Lake County,

**MEMORANDUM DECISION AND ORDER - 2**

Utah.  The parties consent to the exercise of personal jurisdiction over them by such courts and to the propriety of venue of such courts.

Franchise Agreement, p. 29, attached as Ex. A to Compl. (Docket No. 1, Att. 1) (emphasis added).

From this, Defendant argues that Plaintiff's claims should be dismissed here and resolved through arbitration "because they all arise under or relate to the obligations set forth in the Franchise Agreement."  Def.'s Mem. in Supp. of Mot. to Dismiss, p. 5 (Docket No. 18, Att. 1) ("In fact, each and every claim in Plaintiff's Complaint is grounded in the Defendant's rights and limitations under the Franchise Agreement.").  Plaintiff disagrees, arguing in response that (1) the Franchise Agreement explicitly contemplates suits requesting preliminary equitable relief, and (2) the majority of claims asserted in the Complaint do not arise from the Franchise Agreement.  *See* Pl.'s Reply Mem. in Supp. of Mot. for Prelim. Inj., pp. 2-4 (Docket No. 19).[1]

## II. **DISCUSSION**

The Federal Arbitration Act ("FAA") provides that a party may seek an order from a federal district court to compel arbitration where another party fails, neglects, or refuses to arbitrate.  *See* 9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).  "The court's role under the Act is

---

[1] Before Defendant moved to dismiss Plaintiff's claims, Plaintiff filed a Motion for Preliminary Injunction and/or Temporary Restraining Order (Docket No. 7).  In opposition to Defendant's Motion to Dismiss, Plaintiff referred to particular portions of its Reply Memorandum in Support of Motion for Preliminary Injunction.  *See generally* Mem. in Opp. to Def.'s Mot. to Dismiss (Docket No. 20).

**MEMORANDUM DECISION AND ORDER - 3**

therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Here, there is no dispute that the Franchise Agreement incorporates therein a valid agreement to arbitrate under certain circumstances. Therefore, the dispute at issue is whether the circumstances reflected in Plaintiff's Complaint are the subject of the Franchise Agreement's arbitration clause. Defendant argues they are; Plaintiff argues they are not.

Preliminarily, Plaintiff's argument that the Franchise Agreement expressly permits suits like this (notwithstanding its arbitration clause) is without merit. While the Franchise Agreement's arbitration clause does not operate to prevent a party from "seeking and obtaining preliminary equitable relief" from a court like this one, Plaintiff notified the Court on December 11, 2014 that its then-pending Motion for Preliminary Injunction and/or Temporary Restraining Order had been mooted by Defendant's remedial actions. *See generally* Notice Re: Prelim. Inj. (Docket No. 26). Therefore, other than the claims asserted within Plaintiff's Complaint themselves, there is no obvious basis to invoke section 31.C of the Franchise Agreement. While that argument may have had some degree of legal traction when Plaintiff initially responded to Defendant's Motion to Dismiss, it no longer applies.

Turning to Plaintiff's next argument, the Complaint's First Claim for Relief – Breach of Franchise Agreement – in inescapably a dispute under the Franchise Agreement and, therefore, must be resolved by arbitration pursuant to the Franchise Agreement's arbitration clause. Indeed, Plaintiff unequivocally refers to paragraphs 15 ("Trademarks"), 17(C) ("Noncompetition Following Expiration or Earlier Termination of this Agreement"), and 22(E & J) ("Effect of

**MEMORANDUM DECISION AND ORDER - 4**

Expiration or Earlier Termination of this [Franchise] Agreement") of the Franchise Agreement as the footing for such a claim. *See* Compl., ¶¶ 25-27 (Docket No. 1); *see also id*. at ¶ 28 ("[Defendant] has *breached the Franchise Agreement* by continuing to utilize Marks owned by Arctic Circle, by utilizing logos and names substantially similar to the Arctic Circle Marks, by failing and refusing to de-identify his business activities from Arctic Circle, by refusing to return Arctic Circle property, and by operating a substantially similar business within five miles of the franchised location and less than 24 months *following the termination of the Franchise Agreement*.") (emphasis added).

Plaintiff's other claims for relief, even though not as obviously connected to the Franchise Agreement as the Breach of Franchise Agreement claim clearly is, nonetheless arise out of the Franchise Agreement and are accordingly subject to its arbitration clause as well. For example, Plaintiff's Second Claim for Relief – Breach of Promissory Note – relates to a December 31, 2013 promissory note that Defendant executed in Plaintiff's favor in the amount of $184,138.52. *See id*. at ¶ 33. According to Plaintiff's counsel during oral argument:

> Most importantly, however, the claim that remains that is most important at this point going forward given [Defendant's] discontinuing his business as the First Street Restaurant[2] is the completely unrelated claim relative to the collection on the promissory note. And that is a loan from Arctic Circle to [Defendant] that is not governed by the terms of that [Franchise] [A]greement. It does not contain an arbitration clause. So, our position, Your Honor, is that [Defendant's counsel] is certainly right at this point relative to the breach of the Franchise Agreement, but those claims are principally mooted given [Defendant's] conduct more recently. The remaining claims, however, should not be determined to be subject to the arbitration clause contained within the Franchise Agreement.

---

[2] Here, Plaintiff's counsel is referring to those aspects of Defendant's conduct that prompted it to withdraw its Motion for Preliminary Injunction and/or Temporary Restraining Order (Docket No. 7). *See supra*.

**MEMORANDUM DECISION AND ORDER - 5**

But such an argument ignores the promissory note itself, which cross-references the Franchise Agreement generally and its provisions/remedies specifically. Language found in paragraph five both describes and braids those threads together:

> Payer [(Defendant)] is also a party to two Arctic Circle Restaurant Unit Franchise Agreements dated June 1, 2005[3] and May 1, 2007, respectively, relating to two business locations in Idaho Falls, Idaho. Payer hereby agrees that a failure to pay any payment due under this note as described above, *shall constitute an event of default under each of the Franchise Agreements and the provisions and remedies described therein shall apply.* (Particularly, and without limitation, the provisions of Paragraph 21.) *And in that sense, this note is an amendment to the Franchise Agreement.*

Promissory Note, attached as Ex. B to Compl. (Docket No. 1, Att. 2) (emphasis added).

Such language (coupled with the absence of language indicating, or even suggesting, that the promissory note's terms should be read independently from the Franchise Agreement) inescapably incorporates the promissory note's obligations into the fold of the Franchise Agreement. Therefore, any alleged breach of the promissory note implicates the Franchise Agreement and, thus, its arbitration clause.

Similarly, the undersigned is not persuaded that Plaintiff's remaining causes of action arise in some fashion outside of the Franchise Agreement that would allow them to be pursued separately, outside of arbitration. As noted above, the Franchise Agreement speaks to the rights surrounding Defendant's use of Plaintiff's trademarks, the details of Defendant's agreement not to compete with Plaintiff following the Franchise Agreement's termination, and certain of Defendant's obligations to Plaintiff upon the Franchise Agreement's termination (including

---

[3] The referenced June 1, 2005 Franchise Agreement is the same Franchise Agreement involved in this action. *See* Franchise Agreement, attached as Ex. A to Compl. (Docket No. 1, Att. 1).

**MEMORANDUM DECISION AND ORDER - 6**

discontinuing the use of trademarks and not doing business under any name or in any manner that might confuse the public. *See supra* (citing paragraphs 15, 17(C), and 22(E & J) of the Franchise Agreement). Such terms and conditions logically coincide with Plaintiff's federal trademark infringement (Third Claim for Relief), federal unfair competition/infringement (Fourth Claim for Relief), federal trademark dilution (Fifth Claim for Relief), and state law unfair competition (Sixth Claim for Relief) claims against Defendant. Because these claims are premised upon Defendant's alleged conduct – conduct that is further informed by and even described in the context of the underlying Franchise Agreement – it cannot be said that they do not arise under the Franchise Agreement. Said another way: The Franchise Agreement's arbitration clause broadly encompasses "any dispute or disagreement arising hereunder with respect to any breach of the terms hereof"; because Plaintiff's remaining claims arguably arise under the Franchise Agreement, they are also subject to its arbitration clause.[4]

///

///

///

///

---

[4] Plaintiff's Seventh Claim for Relief – that of unjust enrichment – is a claim pled in the alternative and seeks a remedy sounding in quasi-contract. The claim, therefore, also would not exist (or to be more precise, the facts upon which it is alleged would not exist) but for the relationship between the parties drawn by the Franchise Agreement. *See Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 979 P.2d 627, 640 (Idaho 1999) ("Unjust enrichment, as a fictional promise or obligation implied by law, allows recovery where the defendant has received a benefit from the plaintiff that would be inequitable for the defendant to retain without compensating the plaintiff for the value of the benefit.") (citing *Continental Forest Products, Inc. v. Chandler Supply Co.*, 518 P.2d 1201, 1205 (Idaho 1974)). Hence, this claim also is subject to arbitration, for the same reasoning as set out above regarding the other claims.

**MEMORANDUM DECISION AND ORDER - 7**

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, or Alternatively, to Stay the Action Pending Arbitration (Docket No. 18), is GRANTED. This action is dismissed because the dispute framed by Plaintiff's Complaint is subject to the Franchise Agreement's arbitration clause. The dismissal is without prejudice.

DATED: **February 26, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge