UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ARCTIC CIRCLE RESTAURANTS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID LYNN BELL.<br><br>    Defendants. | Case No.: 4:14-CV-00337-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>**(Docket No. 31)** |

Now before the Court is Defendant's Motion for Attorney Fees (Docket No. 31). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## I. BACKGROUND

On November 21, 2005, Plaintiff, Arctic Circle Restaurants, Inc. ("Arctic Circle") and Defendant, David Lynn Bell, entered into a Franchise Agreement under which Mr. Bell operated an Arctic Circle Restaurant at 2535 First Street, Idaho Falls, Idaho. *See* Franchise Agreement, attached as Ex. A to Compl. (Docket No. 1, Att. 1). Arctic Circle terminated the Franchise Agreement on June 13, 2014, it alleges, pursuant to Paragraph 21(B)(1) of the Franchise Agreement. *See* Compl., ¶ 10 (Docket No. 1); *see also* Ex. C to Compl. (Docket No. 1, Att. 3).

Following the termination, Arctic Circle claims that it instructed Mr. Bell to discontinue the use of Arctic Circle signage and promotional materials. *See* Compl., ¶ 12 (Docket No. 1). Arctic Circle alleged, and supported such allegations in its filed materials, that up to that point in time, Mr. Bell continued to operate a restaurant in the same location using the trade name,

**MEMORANDUM DECISION AND ORDER - 1**

trademarks, and other materials so closely related to Arctic Circle that he was in violation of the Franchise Agreement and both federal and state laws. *See id*. at ¶¶ 13-14. As a result, on August 14, 2014, Arctic Circle brought this action against Mr. Bell, raising claims for (1) breach of the Franchise Agreement, (2) breach of the promissory note, (3) federal trademark infringement, (4) unfair competition, (5) trademark dilution, (6) unfair competition, and (7) unjust enrichment. *See generally* Compl. (Docket No. 1).[1]

On August 25, 2014, Arctic Circle filed a Motion for Preliminary Injunction and Temporary Restraining Order  *See* Mot. for PI & TRO (Docket No. 7). Therein, Arctic Circle alleged in pertinent part:

> [Arctic Circle] seeks immediate injunctive relief to prevent Defendant from using Arctic Circle's trademarks and identity (the "Marks") for his own economic gain without consent. Defendant brazenly markets a restaurant bearing a sign nearly identical to Arctic Circle's and using all of its materials, recipes, business models and product names with very little variation. Defendant has done so in willful violation of Arctic Circle's rights under the federal Lanham Act and state law. Arctic Circle is entitled to immediate injunctive relief to prevent irreparable harm that Defendant has caused and continues to cause to Arctic Circle.

*See id*. at pp. 1-2.[2] Part and parcel with Mr. Bell's opposition to Arctic Circle's Motion for Preliminary Injunction and Temporary Restraining Order, on September 11, 2014, Mr. Bell

---

[1] Arctic Circle additionally alleged throughout its Complaint that Mr. Bell "has caused and, unless enjoined, will continue to cause irreparable harm and injury to Arctic Circle and its goodwill and reputation." Compl., ¶¶ 29, 42, 49, 57, 65, 70 (Docket No. 1). Consistent with these allegations, Arctic Circle requested that Mr. Bell be "[p]reliminarily and permanently enjoin[ed] . . ." from engaging in certain conduct in alleged violation of the Franchise Agreement, and that Mr. Bell comply with any subsequently-entered temporary restraining order, preliminary injunction, or permanent injunction. *See id*. at pp. 15-17.

[2] On August 27, 2014, U.S. District Judge Lodge denied Arctic Circle's request for a temporary restraining issue (owing to certain service issues), but took Arctic Circle's request for a preliminary injunction under advisement and set an expedited briefing schedule accordingly. *See* 8/27/14 Order (Docket No. 8).

**MEMORANDUM DECISION AND ORDER - 2**

moved to dismiss Arctic Bell's Complaint, arguing that the claims raised therein are subject to the Franchise Agreement's "Dispute Resolution" clause, and that the matter in its entirety should be either stayed or dismissed in favor of arbitration. *Compare* Opp. to Mot. for PI & TRO (Docket No. 17),[3] *with* Mot. to Dismiss (Docket No. 18).

As events unfolded, the underlying basis for Arctic Circle's Motion for Preliminary Injunction and Temporary Restraining Order no longer applied. According to Arctic Circle:

> Upon information and belief, Bell defaulted on an operating loan that was personally guaranteed by his accountant and business partner. Following the default, and immediately following the Thanksgiving holiday, Bell turned possession of the First Street Restaurant over to his business partner. This business partner contacted the existing Arctic Circle franchisee in Rexburg, Idaho to pursue reopening the First Street Restaurant as an Arctic Circle restaurant. As of yesterday [(December 10, 2014)], counsel for Arctic Circle was able to confirm that the arrangement has concluded and the First Street Restaurant is reopening as an Arctic Circle.
>
> Based on the foregoing, and as a result of the substantial period of time that lapsed since the service of the Motion [for Preliminary Injunction and Temporary Restraining Order], the Motion [as to the need for injunctive relief] has been mooted.

12/11/14 Not. (Docket No. 26); *see also* 12/11/14 Minute Entry (Docket No. 27) (Arctic Circle withdrawing Motion for Preliminary Injunction and Temporary Restraining Order during hearing on Mr. Bell's Motion to Dismiss).

Although the circumstances giving rise to Arctic Circle's Motion for Preliminary Injunction and Temporary Restraining Order no longer existed, the remaining issues raised

---

[3] Relevant here, within his opposition to Arctic Circle's Motion for Preliminary Injunction and Temporary Restraining Order, Mr. Bell states that "he is *no longer* using any marks, terms, or branded material of Arctic Circle registered with the United States Patent and Trademark Office or the State of Idaho" and that "no injunction is needed to prevent harm relating to trademarks because there are *no current violations or unauthorized uses*." Opp. to Mot. for PI & TRO, pp. 2, 6 (Docket No. 17) (emphasis added) (citing Bell Dec., ¶¶ 7-9, 12-13 (Docket No. 17, Att. 1) ("We no longer use any of Plaintiff's branded material at the First Street Restaurant.")).

**MEMORANDUM DECISION AND ORDER - 3**

within Mr. Bell's Motion to Dismiss still needed to be addressed – namely, whether Arctic Circle's asserted claims against Mr. Bell should be arbitrated rather than pursued in federal court. In that respect, the Franchise Agreement reads:

**31. Dispute Resolution.**

    **A. Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Utah, which laws shall prevail in the event of any conflict of law.

    **B. Arbitration.** Except as provided in Section 31.C, the parties agree that *any dispute or disagreement arising hereunder or with respect to any breach of the terms hereof shall be resolved through arbitration under the rules of the American Arbitration Association ("AAA") as the sole and exclusive method of resolving the dispute.* The arbitration proceedings shall be conducted in Salt Lake City, Utah by one arbitrator selected from a panel of neutral arbitrators maintained by AAA chosen by the striking method, and in accordance with the then-current commercial arbitration rules of AAA for commercial arbitrations. All procedural matters relating to the arbitration shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 *et seq.*).

    The arbitrator shall have the right to award or include in his award any relief which he deems proper in the circumstances, including without limitation, money damages (with interest on unpaid amounts from the date due), specific performance, injunctive relief and legal fees and costs in accordance with Section 21.F. The arbitrator, however, shall have no authority to amend or modify the terms of this Agreement. The award and decision of the arbitrator shall be conclusive and binding upon all parties thereto and judgment upon the award may be entered in any court of competent jurisdiction. The parties consent to the exercise of personal jurisdiction over them by such courts and to the propriety of venue of such courts for the purpose of carrying out this provision and they waive any right to contest the validity or enforceability of such award. This provision shall continue in full force and effect subsequent to, and notwithstanding, expiration or termination of this Agreement.

    **C. Litigation.** *Nothing in Section 31.B. shall be construed to prevent either party from seeking and obtaining preliminary equitable relief from a court.* Any such action shall be brought in the state or federal courts for Salt Lake County, Utah. The parties consent to the exercise of personal jurisdiction over them by such courts and to the propriety of venue of such courts.

Franchise Agreement, p. 29, attached as Ex. A to Compl. (Docket No. 1, Att. 1) (emphasis added).

**MEMORANDUM DECISION AND ORDER - 4**

Following oral argument, on February 26, 2015, the undersigned determined that each of Arctic Circle's pending claims against Mr. Bell represented a "dispute or disagreement arising [under]" the Franchise Agreement or "with respect to any breach of the terms" of the Franchise Agreement and, thus, must be resolved through arbitration. *See* 2/26/15 MDO, pp. 4-7 (Docket No. 28). In turn, the undersigned granted Mr. Bell's Motion to Dismiss. *See id.* at p. 8 ("This action is dismissed because the dispute framed by Plaintiff's Complaint is subject to the Franchise Agreement's arbitration clause. The dismissal is without prejudice.").[4]

Now, Mr. Bell brings the at-issue Motion for Attorney Fees, claiming that, pursuant to the Franchise Agreement, he is entitled to recover his attorney's fees from Arctic Circle. *See* Mem. in Supp. of Mot. for Att'y Fees, pp. 1-2 (Docket No. 31, Att. 1). On this point, the Franchise Agreement provides:

> **21.    Termination By Franchisor** . . . .
>
> > **(F).    Costs and Expenses:** *If Franchisor is required to enforce this Agreement in an arbitration or judicial proceeding, the prevailing party in such proceeding shall be entitled to reimbursement of its costs and expenses, including, but not limited to, reasonable accountants', attorneys', attorneys' assistants' and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses*, whether incurred prior to, in preparation for, or in contemplation of the filing of, any such proceeding. The prevailing party shall be the party that prevails on its claim regardless of whether judgment is entered in its favor. If there are multiple claims, the costs and expenses shall be reimbursed accordingly. *If Franchisor is required to engage legal counsel in connection with any failure by Franchisee to comply with this Agreement, Franchisee shall reimburse Franchisor for any of the above-listed costs and expenses incurred by it.* During the pendency of any arbitration or judicial proceeding between Franchisor and

---

[4] It is unknown whether the parties ever participated in arbitration or, for that matter, the outcome of any such arbitration.

**MEMORANDUM DECISION AND ORDER - 5**

>> Franchisee relating to this Agreement or the parties' performance hereunder, Franchisee shall be obligated to continue paying Franchisor all monetary obligations required of Franchisee herein.

Franchise Agreement, p. 23, attached as Ex. A to Compl. (Docket No. 1, Att. 1) (emphasis added).[5]  In short, Mr. Bell asserts that, as the prevailing party in this action, the Franchise agreement specifically requires that Arctic Circle pay his attorney's fees. *See* Mem. in Supp. of Mot. for Att'y Fees, p. 2 (Docket No. 31, Att. 1) ("By successfully defending the case and obtaining a complete dismissal of Plaintiff's case, albeit without prejudice, Mr. Bell is clearly the prevailing party and entitled to fees as a matter of contract.").

Arctic Circle disagrees, arguing in response that the Franchise Agreement actually requires that Mr. Bell pay Arctic Circle's fees, given the need for Article Circle to hire legal counsel to begin with in order to address Mr. Bell's violations of the Franchise Agreement. *See* Opp. to Mot. for Att'y Fees, pp. 4-5 (Docket No. 32) (finding support in following language of Franchise Agreement: "If Franchisor is required to engage legal counsel in connection with any failure by Franchisee to comply with this Agreement, Franchisee shall reimburse Franchisor for

---

[5]  The Assignment of Franchise Agreement contains a similar attorneys' fees provision, stating:

> 7.  <u>General Provisions</u>: The parties hereto agree to the following general provisions:
>
>   b.  In the event any legal action is required by this Agreement to enforce the provisions of the same, the prevailing party shall be entitled to recover its costs of suit, including reasonable attorney's fees.

Assignment of Franchise Agreement, p. 4, attached as Ex. A to Compl. (Docket No. 1, Att. 1). Unless otherwise indicated, references to "Franchise Agreement" within this Memorandum Decision and Order includes both the Franchise Agreement itself and the Assignment of Franchise Agreement.

**MEMORANDUM DECISION AND ORDER - 6**

any of the above-listed costs and expenses incurred by it.").[6] Alternatively, Arctic Circle argues that Mr. Bell should not be considered the prevailing party in any event when recognizing that its Motion for Preliminary Injunction and Temporary Restraining Order was withdrawn *only because* Mr. Bell stopped engaging in infringing conduct. *See id.* at pp. 5-6 ("Under the threat of an impending preliminary injunction, Bell unilaterally ceased operating his "First Street" restaurant. While the Court dismissed due to the arbitration clause, the Court would have dealt with the request for injunctive relief as allowed for by the agreement had Bell not changed his course of conduct. It would be inequitable to declare Bell the victor under these circumstances."). At the very least, Arctic Circle argues that, if Mr. Bell is considered a prevailing party by virtue of this action's dismissal (and Arctic Circle is not entitled to any reimbursement of its own (*see supra*)), his recoverable fees/expenses should be limited only to his efforts to dismiss the action and compel arbitration – he should not recover any fees/expenses associated with Arctic Circle's efforts to secure injunctive relief. *See id.* at p. 6 ("To the extent that Bell can be said to be the 'prevailing party' on the motion to dismiss, he is only entitled to those fees related to the motion to dismiss. To require Arctic Circle to pay for Bell's defense of the preliminary injunction would be unjust and contrary to the terms of the Franchise Agreement.").

---

[6] Arctic Circle separately suggests that, even if Mr. Bell is somehow found to be a prevailing party, any such recoverable fees/expenses should be offset by those recoverable fees/expenses available to Arctic Circle by virtue of this same language within the Franchise Agreement. *See* Opp. to Mot. for Att'y Fees, p. 5 (Docket No. 32) (arguing that Mr. Bell is required to pay Arctic Circle's fees "due to his violation of the Franchise Agreement," but that, "[h]owever, given the first sentence [of paragraph 21(F) of the Franchise Agreement], Bell may receive an offset of his fees, to the extent that he can be called a 'prevailing party' in the litigation.").

**MEMORANDUM DECISION AND ORDER - 7**

## II. DISCUSSION

In support of their respective arguments, both Mr. Bell and Arctic Circle appropriately focus upon paragraph 21(F) of the Franchise Agreement – the language contained therein permits the recovery of fees/expenses under particular circumstances. The Ninth Circuit advises that state law governs the interpretation and application of contractual attorneys' fees provisions. *See Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 1993) (applying California law to interpret contract that included fee-shifting provision); *see also Berkla v. Corel Corp.*, 302 F.3d 909, 919 n.11 (9th Cir. 2002). Under either Idaho or Utah law,[7] if a contract contains an attorneys' fees provision, the terms of that provision establish the right to such fees. *Compare Lamprecht v. Jordan, LLC*, 75 P.3d 743, 747 (Idaho 2003), *with Trayner v. Cushing*, 688 P.2d 856, 858 (Utah 1984). Moreover, the determination of which party, if any, is the prevailing party (and, thus, entitled to attorneys' fees under a contract) takes on an overall comparative analysis and is left to the trial court's discretion. *Compare Wandering Trails, LLC v. Big Bite Excavation, inc.*, 329 P.3d 368, 380 (Idaho 2014), *with Olsen v. Lund*, 246 P.3d 521, 523 (Utah Ct. App. 2010). Here, the issue becomes how (or to what extent) paragraph 21(F) of the Franchise Agreement applies, given the rather unique nature in which this action has developed. Alas, the answer is not immediately clear.

On the one hand, an argument exists that Mr. Bell is the prevailing party – after all, he did succeed in obtaining dismissal of this action. The fact that his success was only possible

---

[7] Arctic Circle relies on Idaho law for these purposes. *See* Opp. to Mot. for Att'y Fees, pp. 2-3 (Docket No. 32). However, paragraph 31(A) of the Franchise Agreement states: "This [Franchise] Agreement shall be governed by, and construed in accordance with, the laws of the State of Utah, which laws shall prevail in the event of any conflict of law.").

**MEMORANDUM DECISION AND ORDER - 8**

after he allegedly took corrective action once faced with Arctic Circle's Motion for Preliminary Injunction and Temporary Restraining Order,[8] somewhat misses the point.  It is true that the Franchise Agreement's arbitration clause does not operate to prevent a party from "seeking and obtaining preliminary equitable relief" from a court like this one.  *See supra* (quoting ¶ 31(C) of Franchise Agreement).  But Arctic Circle notified the Court on December 11, 2014 that its then-pending Motion for Preliminary Injunction and Temporary Restraining Order had been mooted by Mr. Bell's interim remedial actions.  *See supra*.  Therefore, other than the claims asserted within Arctic Circle's Complaint themselves, there was no obvious basis to invoke paragraph 31(C) of the Franchise Agreement *at that time*.  While that argument may have had some degree of legal traction when Arctic Circle initially responded to Mr. Bell's Motion to Dismiss, it no longer continued to apply throughout the action's evolution.  Indeed, without any pending claim for equitable relief, this action was dismissed in favor of arbitration, pursuant to the terms of the Franchise Agreement.  *See generally* 2/26/15 MDO (Docket No. 28).  This was the case, regardless of the merits of Arctic Circle's underlying claims against Mr. Bell.

On the other hand, a counter argument exists that Arctic Circle is in part or in greater whole the prevailing party (or, said differently: that Mr. Bell should *not* be considered the prevailing party when considering the action in its entirety).  That is, it must be remembered that Arctic Circle originally brought this action, in part, to curb Mr. Bell's allegedly ongoing, continuing, and infringing conduct.  And, ultimately, Mr. Bell allegedly stopped such behavior

---

[8] Mr. Bell takes issue with any association of these allegations as adjudicated fact, pointing out that they "remain no more than unadjudicated allegations, that this Court "made no finding to support these assertions," and that "Arctic Circle accordingly cannot rely on allegations to support an argument that Mr. Bell is not the prevailing party." Reply in Supp. of Mot. for Att'y Fees, p. 2 (Docket No. 33).

**MEMORANDUM DECISION AND ORDER - 9**

after Arctic Circle filed its Motion for Preliminary Injunction and Temporary Restraining Order.[9] Viewed in such a light, it was Arctic Circle who prevailed at the most fundamental of levels (the termination of the allegedly infringing conduct), despite the fact that as a result thereof, its larger lawsuit faced dismissal (and was, in fact, dismissed) via the Franchise Agreement's arbitration clause. *See supra*.

In exercising its discretion on the matter, the undersigned determines that neither of these viewpoints can be viewed in isolation. Theoretically, both parties could be entitled to recover certain fees/expenses under the Franchise Agreement – and the underlying reason that each might seek such a recovery also points to the fact that neither could be considered the prevailing party.

Certainly Mr. Bell would argue entitlement to recover from Arctic Circle the fees/expenses involved with prevailing on his Motion to Dismiss. *See, e.g.*, ¶ 21(F) of Franchise Agreement, p. 23, attached as Ex. A to Compl. (Docket No. 1, Att. 1) ("If Franchisor is required to enforce this Agreement in an arbitration or judicial proceeding, *the prevailing party* in such proceeding shall be entitled to reimbursement . . . .") (emphasis added). At the same time, Mr. Bell should not be entitled to recover from Arctic Circle those fees/expenses associated with his defense of Arctic Circle's request for injunctive relief; to be sure, Arctic Circle has an argument to the same. *See id.* ("If Franchisor is required to engage legal counsel in connection with any

---

[9] The exact contours surrounding the actual reasons for Mr. Bell's alleged change in behavior are unknown at this time, other than what Arctic Circle represents by way of its December 11, 2014 Notice. *See supra*. Suffice it to say, as of December 11, 2014, Arctic Circle no longer felt the need to pursue its request for injunctive relief given a change in circumstances.

**MEMORANDUM DECISION AND ORDER - 10**

failure by Franchisee to comply with this Agreement, *Franchisee shall reimburse Franchisor for any of the above-listed costs and expenses* incurred by it.") (emphasis added).[10]

Weighing these factors against one another, the Court concludes that, when viewing the action as a whole (the relief sought, the arguments made, and its disposition in this forum), neither party can lay claim to the status of a "prevailing party." The fact that Arctic Circle did not file its own motion for fees and costs does not mean that Mr. Bell is necessarily the prevailing party. To the contrary, he has prevailed upon a particular portion of a larger whole, but is not, in the Court's view the prevailing party in the case in total. Accordingly, the Court concludes in the exercise of its discretion that Mr. Bell is not entitled to an award of attorney fees or costs.

## III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion for Attorney Fees (Docket No. 31) is DENIED.



DATED: **February 15, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

---

[10] As discussed, Mr. Bell accurately notes that Arctic Circle never affirmatively moved for attorneys' fees pursuant to FRCP 54(d)(2). *See* Reply in Supp. of Mot. for Att'y Fees, p. 1, n.1 (Docket No. 33).

**MEMORANDUM DECISION AND ORDER - 11**